IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JASON WHEAT                                                                                         PETITIONER

VS.                         CASE NO.: 4:15CV00180 JLH/BD

WENDY KELLEY, Director,
Arkansas Department of Correction                                              RESPONDENT

## RECOMMENDED DISPOSITION

I.   **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge J. Leon Holmes.  Either party may file written objections with the Clerk of Court within fourteen (14) days of filing of this Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized.  And, if no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record.

II.  **Background**

On August 7, 2003, petitioner Jason Wheat entered guilty pleas in Faulkner County Circuit Court to domestic battery, terroristic threatening, residential burglary, intimidating a witness, two counts of sexual abuse, two counts of kidnapping, and aggravated assault.

(Docket entry #9-1)  The sentencing court imposed an aggregate 50-year sentence with two additional, consecutive 10-year suspended sentences.  (#9-1)

On November 19, 2003, Mr. Wheat filed a Rule 37 petition with the trial court. (#2, pp. 104-110)  The trial court dismissed the petition as untimely on March 16, 2004. (#2, p. 96)  Mr. Wheat did not appeal the dismissal.

According to Mr. Wheat, he filed a number of additional postconviction petitions with the State courts.  (#2)  On March 2, 2005, Mr. Wheat filed a motion for belated appeal.  On April 28, 2005, he filed a petition to set aside an illegal sentence.  Mr. Wheat filed a motion to vacate an invalid plea agreement on May 16, 2008.  He then filed a motion to withdraw and strike class Y felony conviction on January 2, 2010.  Mr. Wheat filed a state habeas petition sometime in October, 2012.  He filed another motion for belated appeal on October 12, 2013.  Mr. Wheat filed a motion for a sentence change on February 5, 2015.  He also filed a pleading asserting a violation of state criminal procedure on March 2, 2015, and two motions to dismiss sometime in March, 2015.  (#2, pp. 5-6)  The state courts denied all of the petitions and motions, with the exception of the 2015 pleadings, which were apparently still pending when Mr. Wheat filed this action. (#2, pp. 5-6; #9, p. 2)

On March 30, 2015, Mr. Wheat filed the pending federal petition for writ of habeas corpus.  (#2)  Respondent, Director Wendy Kelley, filed a response arguing that the petition is time-barred.  (#9)  Mr. Wheat then filed a supplement to his petition (#11),

and Director Kelley responded. (#12) For the reasons explained below, the Court will recommend that Judge Holmes DISMISS Mr. Wheat's petition, with prejudice.

### III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

When a petitioner has used the state appeals process, but has not sought direct review in the United States Supreme Court, the judgment is generally deemed final at the expiration of the time allowed to seek Supreme Court review – that is, ninety days after the conclusion of the petitioner's direct appeals in the state system. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citations omitted). In a case like this, where the petitioner entered a guilty plea and did not file a direct state appeal, the judgment becomes final thirty days from the entry of the judgment, when the time to file a direct appeal expires. *Camacho v. Hobbs*, 774 F.3d 931 (8th Cir. 2015).

The Faulkner County Circuit Court entered Mr. Wheat's judgment and commitment order on August 7, 2003. (#9-1) Because Mr. Wheat did not file a direct appeal, the one-year limitations period began to run no later than September 9, 2003, the

day after his time to file a direct appeal expired. Mr. Jones waited to file the pending petition until March 30, 2015 – more than ten years after his conviction became final. Thus, his claims are barred by the one-year statute of limitations unless the limitations period can be tolled.

    A.    *Statutory Tolling*

The time during which a properly filed application for State postconviction or other collateral review is pending does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). Only a timely filing is considered "properly filed." *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814, 544 U.S. 408, 417 (2005). Mr. Wheat's Rule 37 petition was untimely, so it did not toll the limitations period. *Id*.

Mr. Wheat filed a number of additional State postconviction petitions and motions starting in 2005, and continuing until a month before the instant filing. None of these State postconviction petitions or motions tolled the limitations period, however, because the limitations period had already expired.[1] *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001).

In some circumstances, the one-year limitations period does not begin to run until the constitutional right asserted was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). That exception, however, does not aid Mr. Wheat's cause. He does not

---

[1] The one-year limitations period expired on September 9, 2004.

raise this exception, and the Court is not aware of any decisions that would open the door to statutory tolling in this case.

Based on the record, Mr. Wheat is not entitled to statutory tolling. Accordingly, his petition is barred unless it can be saved by equitable tolling.

B.   *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A petitioner invoking equitable tolling, however, bears the burden of showing that he has been pursuing his rights diligently, but that some extraordinary circumstance stood in the way of a timely filing. *Id*. at 2562 (citing *Pace*, 544 U.S. at 418). While equitable tolling is a recognized exception to the one-year limitations period, it affords an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

The record shows that Mr. Wheat did not pursue his rights diligently. On March 16, 2004, the trial court denied his Rule 37 petition as untimely. (#2, p. 96) In a letter dated November 3, 2003, Mr. Wheat's trial attorney advised him to file a Rule 37 petition and, if unsuccessful, to file a federal habeas corpus action. (#2, p. 88) Mr. Wheat waited more than a decade after receiving this advice and after the denial of his Rule 37 petition to file the pending habeas petition.

Mr. Wheat fails to note any circumstance, much less an extraordinary circumstance, that prevented him from filing this federal habeas petition sooner. Accordingly, Mr. Wheat is not entitled to equitable tolling.

C.  *Actual Innocence*

The Supreme Court of the United States has held that actual innocence, when proved, allows a petitioner to overcome expiration of the AEDPA's one-year limitations period. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013). To make a threshold showing of actual innocence, however, a petitioner must show that, in light of new evidence, no reasonable jury would have found guilt beyond a reasonable doubt. *Id*. (citations omitted). Even under *McQuiggin*, however, diligence and the timing of a petition are considered in determining whether a petitioner has made a convincing showing of actual innocence. *Id*. at 1936.

In this case, Mr. Wheat has not presented an actual-innocence claim in either his petition or his supplement. (#2 and #11) He admitted his guilt in open court during his change-of-plea hearing. Accordingly, the record does not provide any basis for a finding of actual innocence.

## IV. **Certificate of Appealability**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr.

Wheat has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Here, Mr. Wheat has not provided any basis for issuing a certificate of appealability.

**V.      Conclusion**

Mr. Wheat's petition is time-barred. For that reason, the Court recommends that Judge Holmes dismiss the pending petition for writ of habeas corpus, with prejudice. And because there is no substantial showing that Mr. Wheat was denied a constitutional right, the Court should decline to issue a certificate of appealability.

DATED this 18th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE